IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00481-BNB

DANIEL A. COX,

    Applicant,

v.

CHARLES DANIELS, Warden, Et. Al.,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 26 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Daniel A. Cox, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Cox initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on March 3, 2010. He filed an Amended Application on March 29, 2010. He has paid the $5.00 filing fee for a habeas corpus action.

On April 2, 2010, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On April 23, 2010, Respondent filed a preliminary response. Mr. Cox filed a letter on April 23, 2010, which the Court will construe as a reply.

The Court must construe Mr. Cox's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the amended application will be denied and the action will be dismissed.

Mr. Cox asserts three claims. In general, he asserts that the BOP is violating his due process and equal protection rights because he has been held in the Special Housing Unit (SHU) since his request to enter protective custody.

Respondent argues that Mr. Cox has failed to exhaust BOP administrative remedies before seeking federal court intervention. Respondent contends that Mr. Cox has not filed any administrative remedy requests or appeals during his incarceration in the custody of the BOP. Prelim. Resp. at 3. The record confirms that Mr. Cox has not exhausted BOP administrative remedies prior to initiating the instant lawsuit. Prelim. Resp. at Ex. A-1, Attach. 1.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986); *see also* **Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied only through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Cox. **See** 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program

allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15.

Mr. Cox appears to assert that exhaustion is futile because a prison official told him that "there [were] no administrative remedies [he] could file for such actions." Reply at 1. The exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018, at *3 (10th Cir. Dec. 14, 1998) (unpublished decision). Mr. Cox fails to convince the Court that exhaustion of administrative remedies would be futile. Because Mr. Cox has not completed the process of exhausting BOP administrative remedies, he cannot know whether his efforts to exhaust would be futile. The application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the amended application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this 25th day of May, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00481-BNB

Daniel A. Cox
Reg No. 15839-006
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226-7000

William Pharo
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/26/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk